IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CHENY GHISTAIN KUTI                                                                    PETITIONER

V.                                                             CIVIL ACTION NO. 5:19-CV-135-DCB-MTP

DHS/ICE ADAMS COUNTY
CORRECTIONAL CENTER                                                                  RESPONDENT

ORDER OF DISMISSAL

This matter is before the Court *sua sponte*.    On December 5, 2019, pro se Petitioner

Cheny Ghistain Kuti filed this Petition for habeas corpus relief under 28 U.S.C. § 2241.

Petitioner Kuti challenges his detention by immigration authorities at the Adams County

Correctional Center in Natchez, Mississippi.    On December 6, 2019, the Court entered an Order

[2] giving Kuti until January 6, 2020, to pay the $5.00 filing fee or file a motion to proceed

without prepaying fees or costs.    On December 12, 2019, the postal service returned the

envelope [3] containing this Order [2] as undeliverable with the notation "Return to Sender -

Released."    Ret. Mail [3] at 1.

When Kuti did not comply, the Court entered an Order to Show Cause [4] directing Kuti

to show cause why the action should not be dismissed for failure to comply with the Court's

Order.    Kuti was repeatedly warned that failure to comply or keep the Court advised of his

current address would result in dismissal without further notice.    Orders [2, 4]; Notice of

Assignment [1-2].    On February 3, 2020, the postal service returned the envelope [5] containing

the Order to Show Cause [4] as undeliverable with the notation "unable to forward."    Ret. Mail

[5] at 1.    To date, Kuti has not responded to any of the Court's orders or informed the Court of

his current address.

The Court has the authority to dismiss an action for a petitioner's failure to prosecute or

to obey a Court order under Federal Rule of Civil Procedure 41(b) and the Court's inherent authority to dismiss the action *sua sponte*. *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962). The Court's authority to dismiss an action for failure to prosecute extends to habeas corpus petitions and includes dismissal for an inmate's failure to pay the filing fee. *See Davis v. Gordon*, 75 F. App'x 261 (5th Cir. 2003); *Martinez v. Johnson,* 104 F.3d 769, 772–73 (5th Cir. 1997).

The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 at 630–31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629–30. As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution," but instead such efforts have proven futile. *Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005). Dismissal without prejudice is warranted.

IT IS, THEREFORE, ORDERED AND ADJUDGED that this habeas corpus Petition [1] is DISMISSED WITHOUT PREJUDICE for failure to prosecute and obey the Orders of the Court. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 28th day of February, 2020.

s/ David Bramlette
UNITED STATES DISTRICT JUDGE

2